# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RAFAEL REID,

    *Petitioner*,

vs.

CCS BAKER, *et al.,*

    *Respondents*.

3:17-cv-00532-HDM-VPC

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court in connection with petitioner's application (ECF No. 1) to proceed *in forma pauperis* and for initial review under Rule 4 of the Rules Governing Section 2254 Cases.

By an order entered on October 5, 2017, the Court denied petitioner's pauper application without prejudice because petitioner had not submitted the required financial attachments with the application. See ECF No. 3. However, petitioner mailed these materials on or about September 29, 2017; and they were filed and entered subsequent to the Court's order. ECF No. 4. Under the prison mailbox rule, the materials are deemed to be filed when mailed, which was prior to the order. Review of the materials reflects that petitioner is unable to pay the $5.00 filing fee within a reasonable amount of time. The Court accordingly will vacate its prior order denying the pauper application, will grant the application, and will proceed to initial review.

On initial review, the Court finds that grant of petitioner's motion (ECF No. 1-3) for appointment of counsel submitted with the petition would be in the interests of justice.

Petitioner's protective federal petition appears to have been constructively filed approximately two weeks late. However, his papers present a possible basis for equitable tolling that potentially may require an evidentiary hearing or other factual development, as petitioner maintains that his state appellate counsel failed to timely inform him of the affirmance of his conviction on direct appeal. The matter further presents potentially complicated procedural issues with regard to exhaustion, procedural default, and the availability of a stay. In this regard, the online docket sheet for the state district court does not reflect that petitioner has filed a state post-conviction petition as yet. However, court minutes reflect that petitioner's motion to withdraw counsel recently was granted but further that the minute order informing him of this action was sent to a different institution than the one in which petitioner was incarcerated at approximately the same time when the federal petition was filed. The grant of such a motion often is regarded as a prerequisite to the filing of a state petition in proper person.

The Court accordingly will grant the motion for appointment of counsel and will deny the *pro se* motion for a stay without prejudice to possible renewal of such a motion by counsel following review of the matter.

IT THEREFORE IS ORDERED that the Court's prior order (ECF No. 3) denying petitioner's pauper application is VACATED, that petitioner's application (ECF No. 1) to proceed *in forma pauperis* is GRANTED, and that petitioner shall not be required to pay the filing fee.

IT FURTHER IS ORDERED that the Clerk of Court shall file the petition[1] and accompanying papers, that the motion (ECF No. 1-3) for appointment of counsel submitted with the petition is GRANTED, that the motion (ECF No. 1-2) for a stay is DENIED without prejudice to a possible renewed motion file through counsel, and that the Clerk shall reflect these actions on the motions when docketing the motions, in a manner consistent with the Clerk's current practice for such matters.

---

[1] The filing of the petition does not signify that the pleading is free of deficiencies.

1 IT FURTHER IS ORDERED that the counsel appointed will represent petitioner in all
2 federal proceedings related to this matter, including any appeals or *certiorari* proceedings,
3 unless allowed to withdraw.

4 IT FURTHER IS ORDERED that the Federal Public Defender shall be provisionally
5 appointed as counsel and shall have **thirty (30) days** to undertake direct representation of
6 petitioner or to indicate to the Court the office's inability to represent petitioner in these
7 proceedings. If the Federal Public Defender is unable to represent petitioner, the Court then
8 shall appoint alternate counsel. A deadline for the filing of an amended petition and/or
9 seeking other relief will be set after counsel has entered an appearance. The Court
10 anticipates setting the deadline for approximately one hundred twenty (120) days from entry
11 of the formal order of appointment. Any deadline established and/or any extension thereof
12 will not signify any implied finding of a basis for tolling during the time period established.
13 Petitioner at all times remains responsible for calculating the running of the federal limitation
14 period and timely presenting claims. That is, by setting a deadline to amend the petition
15 and/or by granting any extension thereof, the Court makes no finding or representation that
16 the petition, any amendments thereto, and/or any claims contained therein are not subject to
17 dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

18 IT FURTHER IS ORDERED, so that the respondents may be electronically served with
19 any papers filed through counsel, that the Clerk shall add state attorney general Adam P.
20 Laxalt as counsel for respondents and shall make informal electronic service of this order
21 upon respondents by directing a notice of electronic filing to him. Respondents' counsel shall
22 enter a notice of appearance within **twenty-one (21) days** of entry of this order, but no further
23 response shall be required from respondents until further order of the Court.

24 The Clerk accordingly shall send a copy of this order to the *pro se* petitioner, the
25 Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this
26 division.

27 / / / /
28 / / / /

1  The Clerk further shall provide copies of all prior filings herein to both the Attorney
2  General and the Federal Public Defender in a manner consistent with the Clerk's current
3  practice, such as regeneration of notices of electronic filing.
4  DATED: October 20, 2017.

_____
HOWARD D. MCKIBBEN
United States District Judge