UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RAFAEL REID,

    Petitioner,

v.

CCS BAKER, et al.

    Respondents.

3:17-cv-00532-HDM-VPC

**ORDER**

This counseled habeas matter comes before the court on the petitioner's motion to stay and abey (ECF No. 20) and motion for leave to file under seal (ECF No. 18).

Petitioner initiated this action with the dispatch of his 28 U.S.C. § 2254 petition in August 2017. (*See* ECF No. 1-1). Following initial review, the court appointed petitioner counsel. (ECF No. 5). Through counsel, petitioner has filed an amended petition for writ of habeas corpus. (ECF No. 16). Because petitioner has not exhausted the claims in his petition, petitioner now asks the court to stay this action and hold his claims in abeyance while he returns to state court to exhaust his claims. Respondents do not oppose petitioner's request. (ECF No. 21).

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas

petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf*. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277. The Court went on to state that, "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

The Ninth Circuit has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). This court has declined to prescribe the strictest possible standard for issuance of a stay. "[I]t would appear that good cause under *Rhines*, at least in this Circuit, should not be so strict a standard as to require a showing of some extreme and unusual event beyond the control of the defendant." *Riner v. Crawford*, 415 F. Supp.2d 1207, 1210 (D. Nev. 2006). Thus, a petitioner's confusion over whether or not his petition would be timely filed constitutes good cause for the petitioner to file his

unexhausted petition in federal court. *See Riner v. Crawford*, 412 F. Supp. 2d at 1210 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005)).

The court has the discretion to stay a completely unexhausted petition. *Mena v. Long*, 813 F.3d 907, 911 (9th Cir. 2016).

Petitioner asserts that his appellate counsel never advised him that a decision had been entered in his direct appeal, despite petitioner attempting to contact counsel and advising the state court of counsel's non-responsiveness. Petitioner did not learn his appeal had been decided until a year later, after another inmate suggested he consult the appellate docket in his case. By the time petitioner learned his appeal had been decided, the state statute of limitations for habeas petitions had expired. Petitioner almost immediately filed the instant federal habeas petition.

The court finds that counsel's failure to advise petitioner of the decision in his appeal constitutes good cause for the petitioner's failure to first exhaust his claims in state court before filing in federal court. The court further finds that at least one of petitioner's claims is not "plainly meritless," and that petitioner has not engaged in intentionally dilatory litigation tactics. Accordingly, petitioner's unopposed request for a stay and abeyance (ECF No. 20) will be granted.

Turning to petitioner's motion for leave to file under seal, petitioner seeks to file under seal four exhibits: a police interview of the victim (Ex. 7); the victim's medical records (Ex. 8); the State's psychosexual evaluation of petitioner (Ex. 9); and the defense psychosexual evaluation of petitioner (Ex. 10). The Court finds, in accordance with the requirements of *Kamakana v. City and County of*

*Honolulu*, 447 F.3d 1172 (9th Cir. 2006), that a compelling need to protect the privacy and/or personal identifying information of petitioner and the victim with regard to the sealed exhibits outweighs the public interest in open access to court records. In particular, the victim's interview with police contains repeated, explicit references to the nature of the assault as well as personal identifying information. Accordingly, the motion to seal (ECF No. 18) will be granted.

IT IS THEREFORE ORDERED that petitioner's motion to seal (ECF No. 18) is GRANTED.

IT IS FURTHER ORDERED that petitioner's motion for a *Rhines* stay and abeyance (ECF No. 20) is GRANTED.

IT IS FURTHER ORDERED that this action is stayed pending exhaustion of the claims in petitioner's petition.

IT IS FURTHER ORDERED that the grant of a stay is conditioned upon petitioner litigating his state post-conviction petition or other appropriate proceeding in state court and returning to federal court with a motion to reopen within forty-five (45) days of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of the state court proceedings.

IT IS FURTHER ORDERED that the Clerk shall administratively close this action, until such time as the Court grants a motion to reopen the matter.

IT IS SO ORDERED.

DATED: This 13th day of August, 2018.

_____
HOWARD D. MCKIBBEN
UNITED STATES DISTRICT JUDGE